<span style="color:red">**CORRECTED**</span>

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1464V**

|  |  |
|---|---|
| TIMOTHY RICHERT,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br><br>Filed: March 4, 2026 |

*Paul J. Campson, Campson & Campson, New York, NY, for Petitioner.*

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING PETITION[1]

On September 19, 2024, Timothy Richert filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). ECF No. 1. He filed an Amended Petition on December 17, 2024. ECF No. 8. Petitioner alleged that he suffered a Table shoulder injury following an influenza vaccination he received on October 26,2021. Amended Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 25, 2026, Petitioner moved for a decision dismissing his petition. ECF No. 25. Petitioner stated that after "further investigation . . . Petitioner believes that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

pursuing a claim within the Vaccine Injury Program is unlikely to result in a recovery sufficient to justify further litigation." Mot. at ¶2. He acknowledged in his motion that he "understands that a decision by the [undersigned] dismissing his petition will result in a judgment against him. He has been advised that such a judgment will end his rights in the Vaccine Program." *Id.* at ¶4.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that he suffered an injury that was actually caused by a covered vaccine. See §§ 13(a)(1)(A) and 11(c)(1). On September 22, 2025, Respondent filed his Rule 4(c) Report contending that Petitioner had failed to satisfy the statutory severity requirement and has failed to prove a Table SIRVA injury. Rule 4(c) Report at 8-14. Although Petitioner was given the opportunity to file a brief in support of a finding of entitlement, he has elected not to pursue his claim further and requested that I issue a decision dismissing the case. *See* Scheduling Order (Non-PDF), July 28, 2025; Mot. at 2.

For these reasons, and in accordance with § 12(d)(3)(A), **Petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.